The opinion of the court was delivered by
Breaux, J.
The relator, alleging that it had made application to the Board of Assessors to reduce its assessment, also to the committee of the Common Council on the revision of assessments for a reduction of its assessment, sued for a writ of mandamus against the Board of Assessors to reduce upon the assessment rolls for the State and parish, for the year 1895, the assessment of its franchise from eight hundred and sixteen thousand and two hundred dollars to five hundred and sixty-six thousand dollars.
The facts are that the plaintiff paid three hundred thousand dollars •cash for its franchise. It afterward issued bonds for this amount payable annually, at the rate of fifteen thousand dollars.
*1158 The dividends for 1894, a basis for the assessment of 1895, was.................... $43,752 00,
Amount paid on the bonds............................................................................ 15,000 00,
$58,752 00-
On a principal at 6 per cent, of.................................................................■ 979,200 00
There was deducted other property, in regard to which no issue is raised 163.000 00
Balance.......................................................................................... $816,200 00
The claim of the relator is that there should be deducted from the last amount, as not subject to taxation, the sum sufficient to produce the fifteen thousand dollars used in redeeming bonds, redeemable each year, viz.: two hundred and fifty thousand dollars, leaving for assessment, balance of five hundred and sixty-six thousand two, hundred dollars.
In other words, the relator claims that the annual payment of-fifteen thousand dollars on its bonded debt is a running expense of the road, and contends that it should be deducted in determining, the earning capacity of the road.
The respondents, on the other hand, contend that the mmwnt of-dividends paid by the company to the shareholders, plus the amount, paid on the bonded debt, is the earning capacity of the ro.ad.
An unimportant clerical error was corrected by the District Court;save that correction the relator’s application was rejected.
From the judgment the relator appeals.
The Board of Assessor's is ordered, in assessing the franchise of a corporation, to take its earning capacity as a basis of yaljue.
The word “ earning” in the statutes is a broader term than “ the amount of dividends paid by the company to the stockholder.”
Of course, in determining the proper assessment of a corporation such as plaintiff, the running expenses are to b.e deducted; they, however, do not include an amount to redeem outstanding b, nds. In the matter of assessments these bonds have naught to do with the value of the property. If they had, a corpp,ration buying a franchise for cash would be at greater disadvantage than a.corporation buying for cash and afterward issuing bonds for- the amo.u.nt of borrowed money paid for the franchise. An indebted corporation for such bonds would always be in a better situation as. to assessment; although generally under the assessing sta,tfites, debts are not deducted in determining the assessment. The franchise is as valuable to a corporation owing bonds as it would be to one not indebted on bonds.
Moreover, this indebtedness at first was not an annual indebted *1159 ness. The plaintiff was the adjudicatee of the franchise for an amount in cash.
To meet the requirement of the adjudication an indebtedness was incurred the year that it became the adjudicatee; it is no part of the running expenses of years subsequent.
In the cases heretofore decided by this court, to which our attention is directed by plaintiffs’ counsel, the assessment was measured by the amount of dividends paid to the shareholders. There was no question of other amounts earned applied to the payment of bonds securing the indebtedness of a previous year. That question did not arise in the argument at the bar or in the discussions of the court. “ Net earnings ” are defined substantially, in Union Pacific R. R. Co. vs. U. S, 99 Otto. 402, 428, and in U. S. vs Kansas P. R. R., Ib. 455, 460, as the surplus of the transportation earnings above operating expenses.
The phrase has also been defined in a general way as the excess of the gross earnings over the expenditures in producing them, less the expenditure of capital laid out in constructing and equipping the road.
Under each definition each year stands by itself. We do not think that they cover, as an amount to be deducted from the gross receipts, an indebtedness of a prior year.
The company is not, as contended, paying taxes upon a debt it owes, as urged by counsel for relator, but upon the value of a franchise, as shown by dividends and payment on its bonded indebtedness. They are its earning capacities, non affected by present loans to capital account of many years prior.
Under the terms of the statute we think the judgment should be affirmed.
It is affirmed.